Bryon E. CURTNER, Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education and
Welfare, Appellee.

No. 78–1408.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 19, 1978.

Decided Oct. 25, 1978.

1390

Phillip J. Barkett, Jr. of Dempster, Fuchs & Barkett, Sikeston, Mo., filed brief for appellant.

Robert D. Kingsland, U. S. Atty. and Bruce D. White, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Byron E. Curtner was denied social security disability benefits by the Secretary of Health, Education and Welfare. He asked the United States District Court for the Eastern District of Missouri to review the determination. On review the District Court affirmed the determination of the Secretary. Curtner appeals the decision of the District Court. We affirm.

Curtner raises two issues on this appeal. The first is whether the underlined portions of the following statement by an examining physician in a letter-report to the Secretary constitutes substantial evidence under *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

NEUROLOGIC EXAMINATION: The patient was a ruddy faced, neatly groomed, graying haired WM who in my consultation room was observed to walk slowly, hesitantly and with slow measured painful steps. <u>As the patient was observed leaving the office and walking down the walk I noted him to have a normal stride with a brisk gait, no hesitancy of movement and normal arm movement while walking.</u> The patient was acyanotic and nonicteric. The carotid pulses were present bilaterally without bruit and no bruit could be heard over the subclavians. Blood pressure, RA sitting, was 140/90. The pedal pulses were present. The patient was right handed. Gait during the examination was characterized by a limping and listing from side to side. He walked slowly hesitantly and painfully. He could do tandem walking adequately and Romberg's sign was absent. <u>His gait outside my office, however, was as noted above and was characterized by a normal brisk stride with no hesitation.</u> Cranial nerves 2 through 12 were intact. There was no nystagmus. Muscle tone was good and there was no evidence of weakness, atrophy, spasticity, flaccidity, or fasciculations. There were no tremors. There were no pathologic reflexes. Proprioception, vibration, pain, touch and stereognosis were all intact. Finger to finger, finger to nose and heel to shin were done rapidly and well. There was good flexion of the hips on the heel to shin maneuver bilaterally. There was no drift. The deep tendon reflexes were slightly hypoactive (1+) but symmetrical. The plantars were flexor. (Emphasis added.)

In *Richardson* the Supreme Court held that:

[A] written report by a licensed physician who has examined the claimant and who sets forth in his report his medical findings in his area of competence may be

received as evidence in a disability hearing and, despite its hearsay character and an absence of cross-examination, and despite the presence of opposing direct medical testimony and testimony by the claimant himself, may constitute substantial evidence supportive of a finding by the hearing examiner adverse to the claimant, when the claimant has not exercised his right to subpoena the reporting physician and thereby provide himself with the opportunity for cross-examination of the physician.

*Richardson v. Perales, supra,* at 402, 91 S.Ct. at 1428.

■ Curtner recognizes that we are bound by *Richardson,* but contends that that part of the physician's report which involves the doctor's observation that Curtner walked with a "normal stride with a brisk gait, no hesitancy of movement and normal arm movement" does not constitute substantial evidence under *Richardson* because it was not part of the examination in the doctor's office. While we would be reluctant to extend *Richardson* beyond the perimeters set by the Supreme Court, we do not find such an extension here. The doctor's comments were closely and intimately related to the examination in the office and were based on observations made by the doctor with respect to Curtner's movements in the office and as he left the office. We would also emphasize, as did the Supreme Court, that the claimant had an opportunity under 20 C.F.R. § 404.926 to request subpoenaes for the examining physician and to cross-examine the physician when he was subpoenaed.

■ The second issue raised by Curtner is that the vocational expert's testimony with respect to job opportunities for persons of Mr. Curtner's age, experience, education, training and general physical condition was based exclusively on double hearsay in that it was based upon publications of the State Employment Office, the United States Government and various business publications. The record belies this contention. The vocational expert specifically testified that he also relied on personal visits to job sites and on conversations with people doing various types of work at the job sites in reaching his conclusion. Under these circumstances, we need not decide the question posed by Curtner.

We affirm the judgment of the District Court.