Roger L. McRoberts, Asst. U. S. Atty., Lubbock, Tex., Walter E. McCabe, Jr., Atty., Dept. of Health & Human Services, Baltimore, Md., for defendant-appellee.

**Billy M. TUCKER, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 81–1027**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Unit A

July 6, 1981.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Billy M. Tucker appeals from the judgment of the district court affirming the denial of his claim for disability benefits by the Secretary of Health and Human Services. Tucker appealed the Secretary's decision to the district court under 42 U.S.C. § 405(g), contending that it was not supported by substantial evidence. The district court granted the Secretary's motion for summary judgment and dismissed the complaint. In this appeal, Tucker contends

that there was insufficient evidence to support the finding that he continued to be engaged in substantial gainful activity and was therefore ineligible for disability benefits. We agree with Tucker's contentions, and therefore reverse the district court.

During 1978, Tucker, who has emphysema, suffered three pneumothoraces—collapses of a lung caused by accumulation of air or gas in the pleural cavity—and finally had to undergo an operation which in effect introduces an irritant into the pleural cavity which causes the creation of scar tissue. The scar tissue thus created occupies the pleural cavity and prevents any gas or air from entering the space. The treating physician described the procedure as causing a sort of "permanent pleuresy" and stated that it causes a great deal of lingering pain and an impairment of lung function. The continuing pain and impaired lung function is the basis of Tucker's alleged disability. A complete understanding of Tucker's medical condition is not essential to this appeal, however, since the Secretary and the district court did not hold that Tucker did not meet the medical criteria for disability, but instead found that he was engaged in substantial gainful activity even after his operation.

Prior to the operation, Tucker was self-employed in the business of transporting sand and gravel. He owned and operated a dump truck, driving it from a gravel and sand company near Vega, Texas, where he obtained a load of sand or gravel, to a plant in Hereford, Texas, where he delivered the material. He owned only one truck and was the only employee of his business. One month after the operation, Tucker, unable to do the work himself, entered into an agreement with a driver who took over the operation using Tucker's truck. Tucker continued to pay the expenses and receive the income from the business, sharing the proceeds with the driver. The uncontested testimony, accepted by the Secretary in his brief before this court, indicates that Tucker spends about two to three hours per

month performing the paperwork for the business.[1] There is some conflict in the record over just how much Tucker earns from his arrangement with the driver. At one point in the testimony, he stated that he earned $800 in a recent month and that that month's earning represented an average income. In an affidavit filed later, Tucker indicated that he did not know what his average monthly income was, and that he lost money some months. Tucker's 1979 income tax return showed a net profit of $502.10 for the year. We do not consider Tucker's income from the business to be crucial to this case, however.

The Administrative Law Judge found that the testimony of Tucker and his doctor that he suffered continuous disabling pain was credible. Nevertheless, he also found that "[t]he claimant's continued operation of the self-employment industry, the income derived therefrom and the substantial services rendered by the claimant constitutes engaging in substantial activity." Since the statutory definition of disability requires "inability to engage in any substantial gainful activity," 42 U.S.C. § 416(i)(1), the Administrative Law Judge found Tucker not disabled. The Appeals Council of the Social Security Administration denied Tucker's appeal on March 24, 1980, making the Administrative Law Judge's decision the final decision of the Secretary. The district court affirmed, holding that there was substantial evidence in the record to support the finding that Tucker was engaged in substantial gainful activity.

We disagree, and hold not only that there was insufficient evidence to support the Secretary's determination, but also that Tucker's activities do not constitute substantial gainful activity. Two or three hours per month of sedentary paperwork is not substantial activity. This court has held that "a physical limitation which prevents a claimant from working a full day, minus a reasonable time for lunch and breaks, constitutes a disability within the meaning of the Act." *Johnson v. Harris,*

---

1. For the first six months after the operation, Tucker did not perform any work for the business, the necessary paperwork being performed by his wife.

612 F.2d 993, 998 (5th Cir. 1980). *See also Cornett v. Califano*, 590 F.2d 91, 94 (4th Cir. 1978) ("The ability to work only a few hours a day or to work only on an intermittent basis is not the ability to engage in 'substantial gainful activity.'") To determine whether or not work performed by a claimant constitutes substantial gainful activity, the Secretary's regulations require an examination of whether "the time [spent] is comparable to time customarily spent by individuals without impairment in similar work activities as a regular means of livelihood . . . ." 20 C.F.R. 404.1533 (1980). We are unaware of any "regular means of livelihood" requiring only two or three hours of sedentary activity per month. Although the same regulations also state that performance of "significant duties on a parttime basis [may] show an ability to engage in substantial gainful activity," they do not state that such work itself constitutes substantial gainful activity.[2]

The district court and the Secretary appear to have been influenced by the amount Tucker may have earned from his business. But as the Secretary's regulations state, "[t]he earnings or losses of a self-employed individual often reflect factors other than the individual's work activities in carrying on his trade or business." 20 C.F.R. 404.-1534(e) (1980). The Administrative Law Judge noted that the claimant's "ownership" and his "contractual relationship with his customers" enhanced the value of his services. Tucker's ownership of the truck and his goodwill and business relationships are capital assets, and his earnings from such assets do not reflect continuing substantial work activity. These assets are the source of his income; his extremely limited paperwork activities are merely adjuncts to his investment earnings.

The plaintiff urges that we reverse the district court and render judgment for Tucker. This we cannot do. The regula-

tions require that the Administrative Law Judge follow a "sequential evaluation process," and state that "when a determination that an individual is or is not disabled can be made at any step, evaluation under a subsequent step shall be unnecessary." 20 C.F.R. 404.1503(a). The first step in the evaluation process is the determination of whether the claimant is engaged in substantial activity. In the present case, the Administrative Law Judge determined that Tucker was engaged in such activity and therefore did not proceed to the subsequent steps of the evaluation procedure. Since we now hold that Tucker is not engaged in substantial gainful activity, we reverse the judgment of the district court, remand the case to that court, and direct the district court to remand the case to the Secretary for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

---

**2.** That Tucker's activities constitute all of the "managerial" duties performed for the business is not determinative. We must still examine whether the activity is substantial. Our inquiry must be directed to whether the activities performed by the claimant are essentially equivalent to those performed by a productive, full-time employee (or self-employed individual) in the marketplace, or is at least indicative of the ability to perform such full-time work. Tucker's activities do not meet this test.