Robert MARTIN, Appellant,

v.

Patricia Roberts HARRIS, Secretary of
Health and Human Services, Appellee.

No. 81–1242.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1981.

Decided Dec. 11, 1981.

McMath & Leatherman, P. A., Little
Rock, Ark., for appellant.

George W. Proctor, U. S. Atty., Richard
M. Pence, Jr., Asst. U. S. Atty., Little Rock,
Ark., for appellee.

Before HEANEY and McMILLIAN, Circuit Judges, and REGAN,* Senior District
Judge.

HEANEY, Circuit Judge.

Robert Martin appeals from an order of
the district court affirming the final decision of the Secretary of Health and Human
Services denying Martin disability benefits
under sections 216(i) and 223 of the Social
Security Act. Martin contends that the
decision of the Secretary is unsupported by
substantial evidence. We agree and reverse
and remand for further proceedings.

Martin has filed four successive applications for disability benefits with the Secretary, all of which have been denied. The
fourth application was filed on June 7, 1978,
alleging a disability onset date of April,
1978. This application was denied initially
and upon reconsideration. An administrative hearing was conducted on May 8, 1979,
and the Administrative Law Judge denied
the claim. The Appeals Council of HHS
refused to review the decision, rendering it
the final decision of the Secretary. 20
C.F.R. § 404.981 (1981). The plaintiff

---

* The Honorable JOHN K. REGAN, United States
Senior District Judge, Eastern District of Missouri, sitting by designation.

brought this action for judicial review of the Secretary's final decision pursuant to 42 U.S.C. § 405(g).

Martin is forty-four years old. He has a fifth-grade education, and possesses a very limited ability to read and write. He has had some vocational training in the field of small engine repair. He has, however, primarily worked at various unskilled heavy labor jobs.

Martin has sustained two back injuries and a knee injury. He has undergone two back operations, the latter of which involved the removal of two discs and a spinal fusion. He has calcium deposits and arthritis in his right knee. Martin testified that he has considerable pain in his back and knee, and that, as a result, he has difficulty sleeping. He stated that he can walk for ten to fifteen minutes and sit for one to two hours without experiencing back and leg pain.

The record contains medical reports from a number of physicians who have examined Martin. Dr. Harold H. Chakales, Martin's treating physician, stated the following in a report dated July 13, 1978:

When seen by me most recently on July 13, 1978, he showed residuals of previous surgery with restrictions of motion of greater than 50% of the back in all directions.

At this time, this gentleman is status post-op, excision [of herniated nucleus pulposus] and fusion from L4 to the sacrum with marked restriction of motion. He has to subsist on a large quantity of muscle relaxants and narcotic analgesics. At the present time, I believe that he is totally disabled and is unable to work.

Dr. Chakales reiterated his opinion that Martin is "totally disabled" in an October 25, 1978, memorandum to the Social Security Administration.

Reports filed by Dr. Charles N. McKenzie and Dr. William F. Blankenship noted that because of Martin's back pain, he would have difficulty performing work that involved prolonged bending, stopping, standing, pushing, pulling or lifting. Dr. McKenzie further stated that Martin is "restricted in his ability to sit or stand for a prolonged period of time without changing positions."

Dr. John M. Hundley conducted an orthopedic consultative examination of Martin on May 9, 1979, and made, *inter alia*, the following findings:

[I]t is my opinion that he has an excellent bone graft, which extends from L4 to the sacrum. * * * He has extremely marked restriction of motion above the area of fusion and muscle spasm and tenderness are present. There are anatomical sensory changes present in the right lower extremity and confirmed irritation of the sciatic nerve bilaterally. This man is not voluntarily restricting the motions of his trunk, as indicated by the negative provocative chair test.

I think that he could perform work such as that with small engines at table-top or desktop in a sitting or standing position and could also perform this work standing. He could sit 1–2 hours without having to be up and moving around and he could walk and stand 2–3 hours without having to sit and rest a period of time. *In an entire period of a day he could probably sit, stand, and walk 4–5 hours.* I think he can frequently pick up and carry up to 25 pounds, but should never lift or carry 50 pounds. [Emphasis added.]

Jerry A. Miller, a Supervisor with the Arkansas Rehabilitation Service, testified as a vocational expert at the administrative hearing. Miller stated that in view of claimant's specialized training in small engine repair work and considering his previous work activity, claimant was qualified to work as a self-employed small engine repairman or as a line worker in the manufacture and assembly of small electric motors and other items. He testified that such jobs exist in significant numbers in the region in which the claimant resides.

On the basis of this medical and vocational evidence, the ALJ concluded that Martin is not "disabled" within the meaning of the Social Security Act. This decision, adopted by the Secretary, must be upheld if it is

supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perles*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

An individual claiming disability benefits has the burden of showing that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Once a claimant has established that a disability precludes him from performing his former work, the burden shifts to the Secretary to prove that there is some other type of substantial gainful activity that the claimant can perform. *Stone v. Harris*, 657 F.2d 210, 211 (8th Cir. 1981); *Gilliam v. Califano*, 620 F.2d 691, 693 (8th Cir. 1980); *Beasley v. Califano*, 608 F.2d 1162, 1166 (8th Cir. 1979); *Stephens v. Secretary of HEW*, 603 F.2d 36, 41 (8th Cir. 1979).

Although the ALJ did not make a specific finding to this effect, it is clear from the record that Martin is unable to perform his prior work, *i.e.*, unskilled physical labor. It is equally clear that the Secretary did not meet his burden to show that Martin is capable of performing some other substantial gainful activity.

██ The only evidence in the record to support the ALJ's finding that Martin can engage in substantial activity is the testimony of the vocational expert. This testimony is wholly deficient, however, because the expert was not instructed to consider claimant's physical disabilities when evaluating his employability. The ALJ merely asked the expert whether Martin's job skills

were transferable to jobs available in the national economy. This inquiry, of course, ignores the basic purpose of vocational expert testimony: to assess whether jobs exist for a person with the claimant's precise disabilities.[1] *Gilliam v. Califano, supra*, 620 F.2d at 694 n.1. Thus, on remand, the Secretary must proffer vocational expert testimony or other evidence showing the availability of jobs to person's with Martin's precise skills and disabilities.

More specifically, the Secretary's vocational evidence must show that there is *part-time* work available to the claimant. The medical evidence supporting the ALJ's decision at best shows that Martin can sit, stand and walk for a total of four to five hours a day. Therefore, evidence showing the general availability of full-time work commensurate with Martin's skills will not be sufficient to meet the Secretary's burden of proving that Martin can engage in substantial gainful activity.

The Social Security Administration has promulgated a regulation providing that "work may be substantial even if it is done on a part-time basis." 20 C.F.R. § 404.1572 (1981). *See Beasley v. Califano, supra*, 608 F.2d at 1166. This regulation has apparently been rejected by the Fifth Circuit, which has ruled that a physical limitation that prevents a claimant from working a full day, minus a reasonable time for lunch and breaks, is a "disability" within the meaning of the Social Security Act. *See Tucker v. Schweiker*, 650 F.2d 62, 63–64 (5th Cir. 1981); *Johnson v. Harris*, 612 F.2d 993, 998 (5th Cir. 1980). The Fourth Circuit has similarly ruled that "[t]he ability to work *only a few hours a day* or to work only on an intermittent basis is not the ability to engage in 'substantial gainful activity.'" *Cornett v. Califano*, 590 F.2d 91, 94 (4th Cir. 1978) (emphasis added).

---

1. This Court has repeatedly held that vocational testimony elicited by hypothetical questions that fail to relate with precision the physical and mental impairments of the claimant cannot constitute substantial evidence to support the Secretary's decision. *See, e.g., Gilliam v. Califano*, 620 F.2d 691, 693–694 (8th Cir. 1980); *Stephens v. Secretary of HEW*, 603 F.2d 36, 41 (8th Cir. 1979); *Behnen v. Califano*, 588 F.2d 252, 255 (8th Cir. 1978); *Daniels v. Mathews*, 567 F.2d 845, 848 (8th Cir. 1977). Although the ALJ in this case did not, and need not have used hypothetical questions when examining the vocational expert, it remains true that the underlying basis for the expert's opinion evidence must be revealed and must comport with the record. *See Daniels v. Mathews, supra*, 567 F.2d at 848 n.3.

■ We need not reach the larger question, not briefed on this appeal, of whether part-time work may, in fact, be considered "substantial gainful activity." In this case, there is simply not substantial evidence to show that any work, full or part-time, is available to persons with Martin's disabilities. The judgment is, therefore, reversed and remanded to the district court with directions to remand the claim to the Secretary to permit the Secretary to proffer evidence showing the availability of substantial work that Martin is physically and vocationally capable of performing.