Savannah McGHEE, Appellant,

v.

Patricia R. HARRIS, Appellee.

No. 81–1139.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1981.

Decided July 14, 1982.

Thomas D. Thalken, U. S. Atty., D. Neb., Paul W. Madgett, Asst. U. S. Atty., for appellee.

Robert V. Broom, Legal Aid Soc., Omaha, Neb., for appellant.

Before HEANEY and STEPHENSON, Circuit Judges, and OLIVER,* Senior District Judge.

OLIVER, Senior District Judge.

Mrs. Savannah McGhee appeals from an order of the district court sustaining the final decision of the Secretary of Health and Human Services denying McGhee's application for social security and supplemental security income benefits. The administrative law judge (ALJ) denied claimant's application and the Secretary affirmed. The district court, on review of the magistrate's recommendation that substantial evidence supported the administrative decision, entered judgment for the Secretary, adopting the Magistrate's findings and recommendations in all respects without discussion.

_____

* The Honorable John W. Oliver, United States Senior Judge for the Western District of Mis-

We conclude after review of the record that the Secretary's decision is not supported by substantial evidence and, therefore, reverse with directions that this matter be remanded to the Secretary for further proceedings consistent with this opinion.

I.

Mrs. McGhee filed her application for benefits on May 22, 1978. At the time of that application she was 41 years old and had a fifth grade education. Her past work experience was as a hotel maid and as a machine loader on a factory production line. Mrs. McGhee was not represented by counsel at the brief hearing conducted by the ALJ. She relied on her own testimony and medical reports, which we summarize below, to establish her alleged disability.

The claimant testified that she became unable to work on May 19, 1978 and continued to be unable to work at the time of the hearing due to rheumatoid arthritis, a nervous condition, and a bad heart. In response to an inquiry from the ALJ, Mrs. McGhee stated that the arthritis bothered her the most, that she ached all over her body, suffered dizzy spells about four days a week, was subject to nervous fits, and had a daily and constant headache.

The record also contains reports from Mrs. McGhee's physician, Dr. James Stanosheck, who had been treating her for the six year period prior to her 1978 application for benefits; medical records arising from hospitalizations in 1972 for heart failure, and in 1977 for back and neck pain; a report from Dr. Michael T. O'Neill, an orthopedic surgeon, who examined Mrs. McGhee once in July of 1978 at the request of the Social Security disability examiner; and a report from Dr. David Franks, a psychiatrist, who also examined Mrs. McGhee once at the request of the Social Security examiner. The medical records indicate and the ALJ found that Mrs. McGhee has rheumatoid

souri, sitting by designation.

arthritis involving multiple joints but with no present joint deformity.

Dr. Stanosheck, the claimant's treating physician, stated that:

Her main physical problems at the present time center around her rheumatoid arthritis and this has been symptomatic with recent high FANAS and rheumatoid factors with evidence of joint involvement involving the elbows, wrists, and knees with tenderness, redness, and pain on movement, on her most recent examination. . . . She in my opinion would be currently disabled from gainful employment at this period in time.

Dr. Michael O'Neill, who examined Mrs. McGhee at the request of the Social Security examiner, reported:

Mrs. McGhee appears to have early rheumatoid arthritis with multiple joint involvement. . . .

Dr. O'Neill, however, concluded that Mrs. McGhee was not totally disabled and that he saw no reason why she could not do light work as long as she was not on her feet for long periods of time.

Dr. Franks, who examined Mrs. McGhee on October 6, 1978, concluded that a psychiatric diagnosis was not appropriate. He stated he was not competent to assess the degree of physical disability caused by her arthritis symptoms, but concluded that she did not appear to be deliberately exaggerating her symptoms.

Dr. Stanosheck filed an updated report on October 24, 1978. He reported on the basis of monthly visits and examinations since June, the date of his last report to the Secretary:

that the patient has had an exacerbation of her rheumatoid arthritis process and that in spite of not having to use the joints for a prolonged period on a daily work basis, she is still symptomatic at present.

Following claimant's testimony, Dr. Don Vander Vegt, a vocational consultant for the Office of Hearings and Appeals of the Social Security Administration, testified that:

Most of her [Mrs. McGhee's] work experience has been at the Tip-Top Company doing a variety of jobs including some machine tending, machine feeding and assembly line work. . . . Most of this work would fall into the light range of physical demands. Some of it into the medium range.

At one point in the vocational expert's testimony, Mrs. McGhee attempted to interrupt and state her view of her physical abilities. She was cut off by the ALJ and directed to allow the vocational expert to complete his testimony.

The ALJ then posed the following hypothetical question to the vocational expert:

Considering the claimant's age and education and her past work experience and any transferable skills that you might have and also considering the, the record as it stands, do you have an opinion as to whether or not there are jobs existing in this area in significant numbers which she should be able to perform?

The vocational expert responded that he believed that there were some jobs available, all in the sedentary range.

## II.

■ We must uphold the decision of the Secretary if it is supported by substantial evidence. 42 U.S.C. § 405(g). *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), *Timmerman v. Weinberger*, 510 F.2d 439 (8th Cir. 1975). The claimant has the burden of establishing her disability, but once she demonstrates an inability to perform her past occupation, the Secretary must establish that there is some other type of substantial gainful employment claimant can perform. *Brinker v. Weinberger*, 522 F.2d 13, 17 (8th Cir. 1975); *Gilliam v. Califano*, 620 F.2d 691 (8th Cir. 1980).

■ It is conceded in this case that the claimant was unable to return to her former work. In such circumstances, the burden shifts to the Secretary to establish that there was work available in the national economy which McGhee could perform considering her particular disabilities. *Gilliam v. Califano, supra,* at 693.

The claimant contends that the District Court erred in affirming the ALJ's findings that the Secretary had met this burden. On appeal, appellant contends that the Secretary erred in the following three respects: (1) that the Secretary failed to apply the correct legal standards in weighing the evidence, including claimant's testimony with respect to pain; (2) that the Secretary failed to meet her burden of proof because the ALJ improperly relied on agency regulations and defective vocational expert testimony to establish the existence of alternative employment; and (3) that the ALJ failed to fulfill his duty to fully and fairly develop the record.

### III.

Appellant first argues that the ALJ incorrectly disregarded Mrs. McGhee's complaints of pain. The record does not support such a broad contention. The ALJ made specific mention of Mrs. McGhee's pain in his otherwise brief findings. While the record contains substantial evidentiary support for appellant's claims of pain, we cannot say the ALJ clearly erred in evaluating the intensity of Mrs. McGhee's disability due to pain. We note, however, that only back, neck, and shoulder pain are mentioned in the ALJ's finding. On remand, we direct that the ALJ make more detailed findings which clearly evince a consideration of *all* of claimant's allegations of pain.

Second, appellant urges that the ALJ gave inadequate weight to the findings of plaintiff's physician. We agree. The Secretary's attention is again directed to this Court's many decisions which establish the standards in regard to the proper weight that must be given to reports of treating physicians as opposed to the weight properly accorded to agency consultants who examine a plaintiff once only. See *Hancock v. Secretary of HEW*, 603 F.2d 739, 740 (8th Cir. 1979), and cases cited therein.

### IV.

The second major question presented by appellant also relates to the question of substantial evidence. Appellant contends that once the burden has shifted to the Secretary to establish alternative employment, the Secretary may not rely on agency tables to demonstrate the availability of employment and the claimant's capacity to perform such employment, but must rely on the testimony of a vocational expert. Further, appellant contends that the expert testimony in this case was based on a defective hypothetical question and thus can not support the ALJ's decision.

The basis for the ALJ's finding that claimant could perform alternative existent employment is not completely clear from the record before us. Apparently, the ALJ concluded from the medical evidence and his own observations that Mrs. McGhee retained the physical capacity to perform light and sedentary work activity. It is clear that the ALJ posed a generalized hypothetical question to the vocational expert which assumed she had this capacity. The hypothetical question posed is nearly identical to questions found defective in a long line of decisions by this Court. *Gilliam, supra*, at 694, *Stephens v. Secretary of HEW*, 603 F.2d 36, 41 (8th Cir. 1979), and cases cited therein.

It is essential that the record clearly indicate that the vocational expert considered the particular individual disabilities of the claimant in evaluating her ability to perform alternative employment. The response to a fatally defective question can not constitute substantial evidence.

The record in this case clearly demonstrates the danger of using a vague generalized question which does not specifically relate to an individual claimant's impairments. The vocational expert in this case classified Mrs. McGhee's former production line work as primarily *light*. Later in his testimony the vocational expert stated that all the jobs he considered as possible alternatives fell into the *sedentary* classification. Despite this, and despite finding Mrs. McGhee unable to return to her former employment (light), the ALJ found that claimant had the residual functional capacity to perform *light and sedentary* work.

There simply is no substantial evidence in the record to support such a conclusion. The medical reports from the psychiatrist (who conceded that he was not qualified to determine work capacity), and the report from the orthopedic surgeon, who saw claimant only once, and suggested some light work would be possible, are inadequate under the factual circumstances of this case. *Warner v. Califano*, 623 F.2d 531, 532 (8th Cir. 1980).

### V.

■ The magistrate's report, which was adopted by the District Court, did not consider the adequacy of the vocational expert's testimony. The magistrate concluded that the ALJ could properly rely on agency regulations which include vocational tables to support his conclusion. The regulations referenced in the ALJ's and the magistrate's report, however, are merely definitional (Sec. 404.1510, sec. 416.910), explanatory of evidentiary rules (sec. 404.1513, sec. 416.913) (types of evidence) (Sec. 416.926, Sec. 404.1526) (weight of evidence), or tables (Rule 202.17) into which prior factual conclusions are mechanistically plugged. The regulations in and of themselves are not substantial evidence. They can not alone satisfy the burden of the Secretary to demonstrate capacity to perform alternative employment.[1]

We need not and do not reach the question of what role the agency regulations and tables may properly play because in this case it is clear that the ALJ lacked a substantial evidentiary basis to support his factual premise that claimant retained the capacity to perform light and sedentary work. Since the utilized factor lacked an adequate evidentiary basis, the ultimate conclusion from the tables of "not disabled" based on the faulty premise is likewise flawed.

### VI.

■ The last issue raised by appellant is that the ALJ failed to fulfill his affirmative duty to develop a full and fair record. As appellant points out, it is imperative that an ALJ conducting a hearing with an unrepresented claimant make a specific effort to fully and fairly develop the record. *Sellers v. HEW*, 458 F.2d 984 (8th Cir. 1972); *Hankerson v. Harris*, 636 F.2d 893 (2nd Cir. 1980). The ALJ herein forestalled claimant's attempts to clarify her physical capabilities in relation to work the vocational expert was describing and then did not return to this point and elicit testimony from her concerning her prior attempted clarification. Though the ALJ did ask if there was anything else Mrs. McGhee wished to say at the close of the hearing, it is impossible to determine whether Mrs. McGhee felt intimidated by the earlier admonition curtailing her interruptions or even understood the significance of this line of testimony. The ALJ in such circumstances was under duty to direct specific inquiries to the claimant to ensure a fully developed record.

In view of the many defects in this record and the substantial question presented as to whether the ALJ recognized and applied both the correct burden of proof in determining the existence of alternative employment and the correct legal standards in weighing and developing the evidence, the

---

1. We are by no means certain that the magistrate was correct in concluding that the ALJ did rely to any great extent on the mechanical application of either definitional and procedural regulations or the tables in concluding that plaintiff was not disabled; indeed, it is not clear that the ALJ recognized that the burden to demonstrate alternative employment shifted to the Secretary after the claimant established inability to return to her former occupations. His findings appear to be based primarily on his view of the medical record and his own observations.

It is one thing for the ALJ to weigh the testimony of claimant, the medical reports, and other evidence in the record to determine claimant is not disabled from returning to her former occupations; it is quite another thing entirely, however, for an ALJ to determine that specific vocations exist for which the claimant is qualified based apparently entirely on his own evaluation of medical evidence and his own observation of the claimant.

judgment is vacated and the cause is remanded to the District Court with directions to remand this action to the Secretary of Health and Human Services for further proceedings consistent with this opinion.[2]

2.  Filing of the opinion in this case was postponed until after the Court en banc handed down its opinion in the consolidated cases of

*McCoy v. Schweiker*, 683 F.2d 1138 (8th Cir. 1982). Nothing stated in this opinion is inconsistent with the en banc opinion in *McCoy.*