**Jesse VASQUEZ, Appellant,**

v.

**Richard SCHWEIKER, Secretary, Health & Human Services, Appellee.**

No. 82–1416.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1983.

Decided March 8, 1983.

Rehearing and Rehearing En Banc Denied May 3, 1983.

Robert G. Ulrich, U.S. Atty., Judith M. Strong, Asst. U.S. Atty., Francis Reddis, Asst. Regional Atty., Dept. of Health & Human Services, Kansas City, Mo., for appellee.

Larry O. Denny, Kansas City, Mo., for appellant.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

ROSS, Circuit Judge.

This is an action involving the review of a denial of disability benefits under the Social Security Act. The district court exercised jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291. The question presented is whether there is substantial evidence, based on the record as a whole, to support the Secretary's decision that the plaintiff failed to demonstrate a "disability" as defined by the Social Security Act, 42 U.S.C. § 423(d).

Before applying for disability benefits, the plaintiff had worked for ten years at Armco Steel. His duties included the maintenance of two paint booth machines, driving a fork lift, welding, and spraying paint. In December 1979 plaintiff filed an application to establish a period of disability and to obtain disability insurance benefits.

Intermittent hospitalization from June to August of that year revealed that Mr. Vasquez had high blood pressure, diabetes, inflammation of the liver, and alcohol and pep pill addiction. Additionally, plaintiff complains of various nervous disorders, which cause him to shake, hyperventilate, become dizzy, and suffer from headaches, backaches, neck pains and insomnia. Plaintiff testified that he becomes incapacitated during these spells. Two doctors substantiated this testimony.

Mr. Vasquez has undergone extensive diagnosis and treatment. It appears that the symptoms of the diabetes and high blood pressure have been neutralized by diet and medication, and that alcohol and pep pill addiction is in remission. Plaintiff bases his petition for disability payments on the debilitating effects of the nervous disorders.

A hearing was held in January 1981 before the Administrative Law Judge. A vocational expert was asked the following hypothetical question:

I want you to take into account the claimant's training, education, and his experience and working background, and I want you to assume that I will find as a matter of fact that the claimant suffers from high blood pressure, and that the—and also suffers from headaches, he suffers from depression, and he suffers from diabetes, but he indicates that the diabetes is under control; that the claimant also was at one time a dependent upon drugs and that the consumption of alcoholic beverages has caused certain damage to his liver, namely, infection of the liver; and that the claimant has pain about his neck and back, that he's drowsy and he suffers dizzy spells on the frequency of about 4 to 5 times per week; and that the claimant has some restriction, however, he doesn't have any restriction with respect to walking; he cannot stand for more than one half hour at a time; and he can—he has testified that he could lift up to 60 pounds without any adverse effect, with the exception of fatigue; and he has no restriction with respect to sitting; but these impairments are such—of such severity that they would prevent the claimant from working at the—namely the two jobs he has named; one of a machine operator, and the other as a laborer in the steel mill, where he used to perform an assortment of jobs. Now, do you have an opinion, based upon a reasonable certainty, as to what alternative employment the claimant could engage in, and if so, whether jobs exist in the Kansas City, Missouri, area; or other regions of the country, in significant numbers?

The expert testified in response that plaintiff could do sedentary work such as small parts assembler, grinding machine operator, clerk, or a crane operator and light work such as checker, examiner, inspector, porter sexton, or laundry worker. She stated that none of these jobs are stressful and that all were available in the immediate area.

The ALJ found that while the medical evidence established that plaintiff suffers from "anxiety neurosis with underlying depression," plaintiff's allegation of "constant, severe, and unabated pain" was not credible. The ALJ found that plaintiff was not prevented from maintaining gainful employment for any continuous twelve month period. Disability benefits were denied.

Plaintiff contends that the hypothetical question entertained by the vocational expert concerning available work for a period with plaintiff's qualifications and afflictions was deficient by omission of symptoms sufficiently demonstrated by the evidence. In addition, plaintiff alleges that the ALJ's decision failed to give proper weight to the testimony of two doctors who testified that plaintiff could not do sedentary work. The district court refused to disturb the findings of the ALJ.

On appellate review of a decision regarding disability benefits, the determinative standard is whether the ALJ's decision is supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *see also Brand v. Secretary of Dept. of Health, Etc.,* 623 F.2d 523, 527 (8th Cir. 1980). The standard of review is aptly particularized in *Janka v. Secretary of Health, Ed. and Welfare,* 589 F.2d 365, 367–68 n. 3 (8th Cir.1978):

(a) the claimant has the burden of establishing his claim; (b) the Act is remedial and is to be construed liberally; (c) the Secretary's findings and the reasonable inferences drawn from them are conclusive if they are supported by substantial evidence; (d) substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion; (e) it must be based on the record as a whole; (f) the determination of the presence of substantial evidence is to be made on a case-to-case basis; (g) where the evidence is conflicting it is for the Appeals Council on behalf of the Secretary to resolve those conflicts; (h) the statutory definition of disability imposes a three-fold requirement (1) that there be a medically determinable physical or mental impairment which can be expected to [result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months], (2) that there be an inability to engage in any substantial gainful activity, and (3) that the inability be by reason of the impairment; (i) such substantial gainful activity is that which is both substantial and gainful and within the claimant's capability, realistically judged by his education, training, and experience; (j) the emphasis is on the particular claimant's capabilities and on what is reasonably possible, not on what is conceivable; and (k) it is not the duty or the burden of the Secretary to find a specific employer and job for the claimant but, instead, some effort and some ingenuity within the range of the claimant's capacity remains for him to exercise.

(Citations omitted.) Proper consideration of these factors supports affirmance in this case.

■ Plaintiff contends that the hypothetical question posed to the vocational expert at the administrative hearing did not properly reflect the severity of his medical condition. He also contends that the opinion of the vocational expert lacks validity because the question did not include every physiological impairment suggested by the evidence. In particular, he notes the omission of "spells" or "hyperventilation syndrome," episodes of depression, nervousness and dizziness. This contention is without merit. The question canvassed not only diabetes, high blood pressure, inflammation of the liver, assorted pain, and symptoms of nervous disorder, but also included specific mention of "depression" and "dizzy spells [that occur] on the frequency of about 4 to 5 times per week." The ALJ included in his hypothetical question substantial evidence reflecting the accurate medical status of the plaintiff to insure a credible response from the vocational expert. Cf. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Curtner v. Califano, 584 F.2d 1389 (8th Cir.1978) (denial of benefits supported by substantial evidence). This court finds that the hypothetical question put to the expert was adequate, and that the ALJ was entitled to consider the opinion of the expert as reliable evidence of plaintiff's capacity to work. Janka v. Secretary of Health, Ed. and Welfare, supra, 589 F.2d at 370.

The plaintiff secondly alleges that the ALJ's decision was not based on substantial evidence because two treating physicians indicated that the plaintiff was disabled and that there was no evidence to the contrary. The record does not support the plaintiff's allegations. Dr. Tonkens and Dr. Loutenhiser concluded that plaintiff was disabled and unfit for steady employment. Dr. Tonkens testified that plaintiff was unable "to function in a normal competitive employment setting" and Dr. Loutenhiser noted the possibility of character degeneration to a psychotic state under sufficient stress. It is important to note that this testimony established only the fact that if plaintiff's nervous condition persisted at its present level, certain stressful job conditions could not be endured.

■ We note at the outset that a qualified medical opinion is not conclusive in determining disability status. The credibility of a medical opinion is particularly suspect when it is based on incomplete evidence. Janka v. Secretary of Health, Ed. and Welfare, supra, 589 F.2d at 365; Warncke v. Harris, 619 F.2d 412 (5th Cir. 1980); 20 C.F.R. 404.1527 (1981). In this case, the physicians were not aware that plaintiff's anxiety had been significantly reduced by relaxation therapy. The ALJ did not commit reversible error by rejecting the opinions of physicians who considered the plaintiff disabled, since the decision of the

ALJ was based on facts unknown to the physicians and was anchored by substantial evidence.

We are aware of a recent case reversing a denial of disability benefits. *McMillian v. Schweiker,* 697 F.2d 215 (8th Cir.1983), but find it inapposite. In *McMillian,* after undergoing brain surgery to remove a tumor, plaintiff suffered a stroke on the job. Consequently the left side of his body was rendered partially paralyzed. Motor control to the left hand and ambulatory function was significantly impaired. The hypothetical posed to the vocational expert in that case failed to mention these handicaps. Moreover, the physicians' testimony was based on knowledge of all medical evidence on the record and was adamant about plaintiff's disability status. The severity of McMillian's injuries and the strength of the testimony on his behalf distinguish that case from the one at bar.

For the reasons stated herein, the order of the district court denying plaintiff disability benefits is affirmed.

FAGG, Circuit Judge, dissenting.

Unlike the majority I question the adequacy of the hypothetical question propounded to the vocational expert by the ALJ. The hypothetical question is of particular importance in view of the fact that the ALJ relied heavily upon the response, this being a case where Vasquez is unable to perform previous work. *See Jackson v. Schweiker,* 696 F.2d 630, 631 n. 1 (8th Cir. 1983); *Martin v. Harris,* 666 F.2d 1153, 1155 (8th Cir.1981). A vocational expert's response to a hypothetical question constitutes substantial evidence only where the hypothetical question precisely sets out all of the claimant's mental and physical limitations. *Tenant v. Schweiker,* 682 F.2d 707, 711 (8th Cir.1982); *Camp v. Schweiker,* 643 F.2d 1325, 1333 (8th Cir.1981).

In this case, when the vocational expert was asked to consider Vasquez' physical impairments—including "depression" and "dizzy spells on the frequency of about 4 to 5 times per week"—she was not told that his spells of depression and dizziness have a duration ranging from one-half hour to two or three days, that they occasionally come on without warning, and that Vasquez has to lay down until a severe spell wears off. In response, the expert testified that Vasquez could do sedentary work such as "small parts assembler, grinding machine operator, clerk, or a crane operator and light work such as checker, examiner, inspector, porter, sexton, or laundry worker."

I do not believe the hypothetical question propounded to the expert fully and fairly sets forth Vasquez' limitations. It failed to inform the expert of essential limitations upon Vasquez' ability to function in the job market.

It is my view that the absence of any reference in the hypothetical question to limitations that go to the heart of whether Vasquez could hold any of the listed jobs renders the question deficient. The response to the incomplete question does not constitute substantial evidence. *McGhee v. Harris,* 683 F.2d 256, 259 (8th Cir.1982). This requires that we remand the case to the Secretary for additional proceedings.