David JACKSON, Jr., Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services of the United States, Defendant.

No. Civ. 84–786–E.

United States District Court, S.D. Iowa, C.D.

Oct. 24, 1985.

Robert W. Pratt, Des Moines, Iowa, for plaintiff.

Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, for defendant.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter comes before the Court pursuant to an appeal from the decision of the Secretary of Health and Human Services denying disability insurance benefits to the plaintiff. On September 5, 1985, the Court held a hearing in this matter at which both plaintiff and the Secretary were represented. Based on the briefs and argument of

counsel and the entire record herein, the Court remands this matter to the Secretary for further consideration.

The plaintiff filed an application for disability insurance benefits on September 21, 1982. The claim was denied at the initial determination stage on November 8, 1982. Plaintiff filed a second application which was denied on July 22, 1983, followed by a third application on November 29, 1983. This application was denied on February 8, 1984. Plaintiff requested reconsideration which was denied March 7, 1984. Plaintiff then requested a hearing and one was held on May 31, 1984. On July 5, 1984, the Administrative Law Judge denied plaintiff's claim for benefits. The Appeals Council denied plaintiff's request for review on October 22, 1984. Thus, the ALJ's decision stands as the final decision of the Secretary.

In evaluating a claim of disability, the Social Security Administration is required to follow a fixed decisional framework as set forth in the Code of Federal Regulations, 20 C.F.R. § 404.1520. First, a determination is made whether a disability claimant is currently engaged in substantial gainful activity. If the plaintiff is not engaged in substantial gainful activity, the ALJ proceeds to determine whether he is suffering from a severe impairment. If there is a severe impairment, and it is one listed in Appendix 1 to subpart P of the Social Security regulations, the claimant is found disabled on medical evidence alone. If the impairment is not listed in Appendix 1, the ALJ proceeds to determine whether the claimant can perform his relevant past work. If the claimant cannot perform his relevant past work, the question then becomes whether he can nevertheless do other jobs that exist in the national economy, despite his having a severe impairment that prevents his return to his previous work. If the claimant is found not disabled at any point in these proceedings, the ALJ is not required to go any further or to make additional findings.

A decision of the Secretary must be upheld if it is supported by substantial evidence, 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *McGhee v. Harris,* 683 F.2d 256 (8th Cir.1982). It is not for the Court to resolve any conflicts in the evidence that may be apparent in the record. Rather, this is within the exclusive province of the Secretary, *Janka v. Secretary of HEW,* 589 F.2d 365 (8th Cir.1978). The Secretary must take into consideration the aggregate of plaintiff's impairments, *Paris v. Schweiker,* 674 F.2d 707 (8th Cir.1982). In this case, the ALJ found that the plaintiff was unable to perform his past relevant work as a forklift operator in a meatpacking company (Tr. 16). However, the ALJ erred by failing to explicitly shift the burden of proof to the Secretary when it was found that plaintiff could not return to his old job as required by *Fazio v. Heckler,* 760 F.2d 187 (8th Cir.1985).

Further, the ALJ erred by relying on the medical-vocational guidelines (grid). The ALJ found plaintiff's allegations of pain to be credible, but concluded that he had learned to live with this discomfort and it would not have a significantly adverse impact on his ability to perform light work. In considering subjective allegations of pain, there must be some objective medical evidence that points to a medical condition that could reasonably explain the pain or there must be some objective medical evidence demonstrating the existence of such pain. *See Polaski v. Heckler,* 751 F.2d 943, 949 (8th Cir.1984). The record contains objective medical evidence that points to a medical condition that could reasonably explain plaintiff's pain. In 1981, plaintiff suffered a comminuted fracture of the tibia and patella in his right leg. A bowler's plate and several screws were used for fixation of the fractures. Medical reports following plaintiff's operation indicate that he suffered from severe pain (Tr. 161–64).

Plaintiff was involved in another automobile accident in 1982 and complained of lower back pain (Tr. 180). A physical examination revealed muscles spasms over the paraspanious muscles (Tr. 184). Plaintiff's left leg was injured in 1983 as a

result of a gunshot wound to his left thigh, which caused a suberochanteric fracture of his left femur (Tr. 214). A compression screw and long sideplate were inserted for internal fixation of the fracture (Tr. 214). Thus, the above objective medical evidence demonstrates several conditions that could reasonably explain plaintiff's pain. In conjunction with plaintiff's subjective complaints of pain, the record does not support the ALJ's determination that plaintiff's pain was not severe enough to foreclose use of the grid. As in *Fazio v. Heckler, supra,* the ALJ "glossed over Fazio's nonexertional pain impairment" and found that the plaintiff could perform light work and therefore applied the grid. This Court is of the opinion that this case should be remanded for the purpose of the taking of testimony of a vocational expert. In so doing, the ALJ should take care in addressing a hypothetical question to the vocational expert, to include all of plaintiff's impairments, both exertional and nonexertional.

Upon the foregoing,

IT IS THEREFORE ORDERED that this matter should be remanded to the Secretary of Health and Human Services for further proceedings consistent with this opinion.