**[PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/22/99
THOMAS K. KAHN
CLERK

No. 98-2763
Non-Argument Calendar

D.C. Docket No. 1:96cv197 MMP

STEPHEN A. KELLEY, JR.,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, Commissioner
of the Social Security Administration,

Defendant-Appellee.

Appeal from the United States District Court for the
Northern District of Florida

**(April 22, 1999)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Stephen A. Kelley, Jr. appeals the district court's order affirming the Commissioner of Social Security's ("Commissioner") denial of his application for disability benefits under the Social Security Act. On appeal, Kelley asserts that the administrative law judge ("ALJ") erred in finding him not disabled. He contends that the ALJ incorrectly (i) assumed that part-time employment could constitute substantial gainful work; (ii) discredited his subjective complaints of pain; and (iii) used the testimony of a vocational expert, in lieu of the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2 (also known as the "Grids"), to determine his ability to engage in substantial gainful activity.

This Court affirms the Commissioner's decision on a disability benefits application if it is supported by substantial evidence and the correct legal standards were applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). The record reflects that Kelley suffers from degenerative joint disease of the left knee, asbestosis, obesity, progressive arthritic disease, rheumatoid arthritis, and osteoarthritis. The controlling issue with respect to the instant application is whether those impairments caused Kelley to be disabled within the meaning of the Social Security Act during a narrow window of time between September 26, 1991, and December 31, 1991.[1]

42 U.S.C. § 423(d)(1)(A) defines disability as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

_____

[1] On September 25, 1991, a previous application for disability benefits was denied by an ALJ. That denial was affirmed by the district court and is res judicata as to Kelley's entitlement to benefits on and before that date. On December 31, 1991, Kelley ceased to have disability insured status under the Social Security Act.

2

period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A) further provides that "[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

The ALJ found that although Kelley was unable to continue in his prior occupation as a welder, he retained the capacity to perform sedentary work, in jobs such as dispatcher, solderer, or assembler, between September 26, 1991, and December 31, 1991. ALJ Decision at 9. Kelley, however, contends that because the medical evidence reflects that he was unable to perform full-time sedentary work, he was disabled.[2] The Social Security Administration has a regulation directly on point that states: "Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis . . . ." 20 C.F.R. § 404.1572(a). We hold that this regulation is reasonable under the Social Security Act. Because this regulation must be given effect, we reject Kelley's argument for a per se rule that part-time employment cannot be substantial and thereby disqualify a claimant from receiving benefits. We hold that part-time work may constitute substantial gainful work.

---

[2] The ALJ did not expressly refer to part-time work versus full-time work in his decision. However, he did find that Kelley had the ability to sit for only 6 hours in an 8-hour workday, and to stand or walk for only 2 hours in an 8-hour workday. ALJ Decision at 8. These acknowledged restrictions can reasonably be interpreted as limiting Kelley to part-time work in the jobs the ALJ mentioned. On appeal, the government does not directly concede that Kelley could not work a full day, but does not offer any argument to the contrary.

3

In support of his plea for a per se rule, Kelley cites Johnson v. Harris, 612 F.2d 993, 998 (5th Cir. 1980); Tucker v. Schweiker, 650 F.2d 62, 63 (5th Cir. July 6, 1981); and Smith v. Schweiker, 646 F.2d 1075, 1081 (5th Cir. June 4, 1981), superseded by statute on other grounds as stated in Hand v. Heckler, 761 F.2d 1545, 1548 (11th Cir. 1985).[3] The holding in Tucker is not inconsistent with our ruling today. Tucker held merely that "[t]wo or three hours per month of sedentary paperwork is not substantial gainful activity." 650 F.2d at 63. In Johnson, the pre-split Fifth Circuit noted that "[i]t has been held that a physical limitation which prevents a claimant from working a full workday, minus a reasonable time for lunch and breaks, constitutes a disability within the meaning of the [Social Security] Act." 612 F.2d at 998 (citing Cornett v. Califano, 590 F.2d 91 (4th Cir. 1978)). To the extent that the statement quoted above from Johnson can be construed as a per se rule that part-time employment can never be substantial (thus disqualifying a claimant from receiving benefits), we agree with the government that the statement is dicta. The holding in Johnson was merely that new evidence consisting of an opinion by a physician that the claimant's condition limited his productive activity to four hours per day should be considered by the ALJ on remand and constituted good cause for remanding the matter. See id. at 998-99. Moreover, there is nothing in the Johnson opinion to suggest that it considered the regulation providing that "[y]our work may be substantial even if it is done on a

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Id. at 1209.

Kelley's brief also cites an unpublished Eleventh Circuit slip opinion from 1986 without attaching a copy thereof. Eleventh Circuit Rule 36-2 provides that an unpublished opinion is not binding precedent, and is persuasive precedent only if a copy thereof is attached to the brief in which it is cited.

4

part-time basis." 20 C.F.R. § 404.1572(a). Thus, the Johnson decision is not precedent for us to disregard a reasonable regulation, as Kelley urges us to do. Finally, although Smith does refer to the quoted language in Johnson as a holding, that reference is clearly dicta in Smith, and, as we have demonstrated, is simply wrong. There was no holding in Smith that there is a per se rule that work can never be substantial if it is part-time. Rather, in Smith, a vocational expert testified that a person in Smith's physical condition who needed to rest several times during the day would be unemployable. The extent of the Smith holding in this regard was that such testimony of the vocational expert should be considered by the ALJ on remand along with the totality of the evidence in the record and the other reasons for remanding that case.[4]

Here, the ALJ found, based on testimony from a vocational expert, that during the relevant time period Kelley retained the capacity to perform sedentary work in various fields and that the skills he had developed as a welder were transferable to those fields. The ALJ's findings in this respect will not be disturbed by this court because they are supported by substantial evidence. Even if Kelley could not have worked a full workday, he was not incapable of being gainfully employed. See 42 U.S.C. § 423(d)(2)(A).

Kelley also claims that the ALJ improperly discredited his subjective complaints of disabling pain. In order for a claimant's testimony about the pain he experienced to be taken into account, he must show "evidence of an underlying medical condition and (1) objective medical

---

[4] We note also that the loose, categorical statements in Johnson v. Harris and its progeny to the effect that part-time work cannot constitute substantial gainful employment have been roundly criticized. See Conn v. Secretary of Health & Human Services, 51 F.3d 607, 609 (6th Cir. 1995); Wright v. Sullivan, 900 F.2d 675, 678-89 (3d Cir. 1990); Burkhalter v. Schweiker, 711 F.2d 841, 844-45 (8th Cir. 1983); Wood v. Callahan, 977 F. Supp. 1447, 1449-50 (N.D. Fla. 1997).

5

evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." Landry v. Hecker, 782 F.2d 1551, 1553 (11th Cir. 1986). The ALJ's determination that Kelley made neither of the two alternative showings with respect to the specific period between September 26, 1991, and December 31, 1991 is amply supported by substantial evidence.

We do not reach Kelley's third argument, that the ALJ should not have relied on the testimony of a vocational expert, because he did not raise it before the administrative agency or the district court. See Wheeler v. Heckler, 784 F.2d 1073, 1077 (11th Cir. 1986). Therefore, the judgment of the district court affirming the ALJ's decision to deny Kelley benefits under the Social Security Act is

**AFFIRMED.**