**Viola BURKHALTER, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.**

No. 82–2201.

United States Court of Appeals, Eighth Circuit.

Submitted July 5, 1983.

Decided July 7, 1983.

---

Thomas & Nussbaum, P.A., Little Rock, Ark., for appellant.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., George W. Proctor, U.S. Atty., Little Rock, Ark., Frank V. Smith, III, Regional Atty., Mary K. Biester, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Before BRIGHT, ROSS and JOHN R. GIBSON, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Viola Burkhalter was denied[1] disability benefits and supplemental income because she had a part-time job. The sole issue for our decision is whether the part-time work that Burkhalter engaged in after applying for disability benefits constitutes substantial gainful activity. We conclude that it does, and therefore affirm the Secretary's decision to deny benefits.

Burkhalter applied for disability benefits and supplemental security income in May of 1977 alleging that in November of 1976 she became disabled as a result of back problems. The medical evidence of her physical

---

1. The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas affirmed the final decision of the Secretary of Health and Human Services.

impairments is not in dispute. She has a low grade degenerative disc disease, obesity and hypertension. Physical examinations revealed that she experiences some back pain and stiffness, but otherwise her mobility is good. She takes medication for her back pain and to control her high blood pressure.

Several psychiatric examinations revealed that she suffers from a hypocondriacal neurosis with hysterical features.

At a hearing before an Administrative Law Judge (ALJ), Burkhalter testified that she had worked three jobs since she applied for disability in May of 1977. In July of 1979 she began a full-time job as a sewing machine operator, but quit after a few weeks. Shortly thereafter she began another job as a nurse's aide. This job lasted approximately four months, and although she was supposed to work full-time, she often worked only five hours a day. She quit this job in December of 1979 because it disturbed her to watch patients die and because she became sick with the flu.

Burkhalter further testified that since early May, 1980 she had been working part-time cleaning doctors' offices, and that she intended to continue the job. She said she normally works five hours a day (from 5:00 p.m. to 10:00 p.m.), five days a week, and makes $3.10 per hour. She described the job as involving dusting, vacuuming and emptying trash cans and complained that the vacuuming hurt her back.

After considering the nature of her work activity and determining that she earned more than $300.00 per month, the ALJ found that Burkhalter's part-time work cleaning doctors' offices constituted substantial gainful activity, and therefore concluded she was not disabled.[2]

---

**2.** The ALJ also gave a second rationale for his decision: that considering Burkhalter's age, education, work experience and her Residual Function Capacity, the Medical-Vocational Guidelines require that she be found not disabled. Because we find the ALJ's first rationale for denying disability benefits to be correct, we need not examine his second rationale.

**3.** The Social Security Act, 42 U.S.C. § 423(d)(4) provides:

## I.

The Social Security regulations require ALJs to follow a sequential procedure in analyzing disability claims. As a first step the ALJ must determine whether the claimant is currently engaged in substantial gainful activity, and if he is, the claimant must be found not disabled *regardless* of his medical condition, age, education, or work experience. 20 C.F.R. § 404.1520(b) (1982). *See also* 42 U.S.C. § 423(d)(4).

Pursuant to explicit Congressional directions[3] the Social Security Administration promulgated regulations for determining what constitutes substantial gainful activity. Those regulations state that work may be substantial even if it is done on a part-time basis, or even if a claimant does less, earns less, or has less responsibility than when he worked before. *Id.* § 404.-1572(a). The regulations list several criteria that must be considered in deciding whether a particular job constitutes substantial gainful activity. The regulations emphasize that while time spent at work is an important criteria, it is not dispositive of what constitutes substantial gainful activity. *Id.* § 404.1573(e).

Another important criteria for determining what constitutes substantial gainful activity is earnings. 20 C.F.R. § 404.-1574(b)(2) creates a presumption that an employee who earns more than $300.00 per month is engaged in substantial gainful activity. Earnings from work that a claimant is forced to stop after a short time because of an impairment are not considered. *Id.* § 404.1574(a)(1).

Although this court has recognized the existence of these regulations governing

The Secretary shall by regulations prescribe the criteria for determining when services performed or earnings derived from services demonstrate an individual's ability to engage in substantial gainful activity. *Notwithstanding the provisions of paragraph (2)* [which defines the term "disability"], an individual whose services or earnings meet that criteria *shall* ... be found not to be disabled. (Emphasis added.)

what constitutes substantial gainful activity,[4] we have not yet decided whether they are consistent with the goals of the Social Security Act. We now examine that issue.

## II.

The Social Security Act, 42 U.S.C. § 423(d)(4), did more than simply empower the Secretary to make regulations concerning what constitutes substantial gainful activity. It *expressly ordered* the Secretary to establish *specific criteria* for determining when *services performed or earnings derived from services* demonstrate ability to engage in substantial gainful activity. Moreover, it provided that any individual whose earnings or services meet the Secretary's criteria *shall* be found not to be disabled. In *Batterton v. Francis*, 432 U.S. 416, 97 S.Ct. 2399, 53 L.Ed.2d 448 (1977) the Supreme Court recognized that regulations promulgated under express congressional directions should be accorded more than mere deference or weight. *Id.* at 424–25, 97 S.Ct. at 2404–2405. The Court stated:

In a situation of this kind, Congress entrusts to the Secretary, rather than to the courts, the primary responsibility for interpreting the statutory term. In exercising that responsibility, the Secretary adopts regulations with legislative effect. A reviewing court is not free to set aside those regulations simply because it would have interpreted the statute in a different manner.

*Id.* at 425–26, 97 S.Ct. at 2405.

We are also instructed in *Heckler v. Campbell*, —— U.S. ——, ——, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983):

Where, as here, the statute expressly entrusts the Secretary with the responsibility for implementing a provision by regulation, our review is limited to determining whether the regulations promulgated exceeded the Secretary's statutory authority and whether they are arbitrary and capricious. *Herweg v. Ray*, 455 U.S. 265 [102 S.Ct. 1059, 71 L.Ed.2d 137] (1982); *Schweiker v. Gray Panthers*, supra [453 U.S. 34] at 44 [101 S.Ct. 2633 at 2640, 69 L.Ed.2d 460].

In *McCoy v. Schweiker*, 683 F.2d 1138, 1144 (8th Cir.1982) (en banc), we quoted the language from *Batterton* and applied its standard in determining that the Medical Vocational Guidelines or "grid" were valid.

■ The Secretary has given balanced and thorough consideration to what constitutes substantial gainful activity. The regulations (20 C.F.R. §§ 404.1572–404.1574) require several criteria to be considered: (1) earnings, (2) nature of the work, (3) how well the claimant performs the work, (4) whether the work is done under special conditions, (5) whether the claimant is self-employed, and (6) the amount of time spent working. We believe that the Secretary could reasonably conclude that all of these criteria are relevant in determining what constitutes substantial gainful activity. We cannot conclude that these criteria are arbitrary or capricious or that they exceed the Secretary's statutory authority. Accordingly, we conclude that the regulations setting out these criteria (20 C.F.R. §§ 404.1572–404.1574) are valid.

We recognize that one court of appeals has concluded that part-time work cannot constitute substantial gainful activity. The Fifth Circuit in *Johnson v. Harris*, 612 F.2d 993 (5th Cir.1980), held that "a physical

---

4. In *Milton v. Schweiker*, 669 F.2d 554, 556 n. 2 (8th Cir.1982), *Martin v. Harris*, 666 F.2d 1153, 1155–56 (8th Cir.1981), and *Beasley v. Califano*, 608 F.2d 1162, 1166 (8th Cir.1979), this court recognized the existence of the regulation which states that part-time work can constitute substantial gainful activity, but did not decide whether that regulation is valid. And in *Milton v. Schweiker*, 669 F.2d at 556, we examined the $300.00 per month presumption but found it inapplicable because the ALJ in that case failed to question the claimant adequately concerning his job, failed to obtain the claimant's employment records, and failed to determine specifically whether the claimant's monthly earnings exceeded $300.00. Here, by contrast, the ALJ sufficiently questioned Burkhalter about her cleaning job, obtained her employment records, and specifically found that she earned more than $300.00 per month. Thus, assuming the validity of the $300.00 per month presumption, *Milton* demonstrates that the ALJ correctly applied the presumption in this case.

limitation which prevents a claimant from working a full workday, minus a reasonable time for lunch and breaks, constitutes a disability within the meaning of the Act." *Id.* at 998. The court therefore remanded the case to the Secretary because the claimant showed that his physical condition prevented him from working full-time. *Id.*[5] *Johnson* did not give consideration to the regulations adopted by the Secretary. In light of the strong admonitions from the Supreme Court that we have seen above, we do not find *Johnson* instructive or persuasive.

The record before us reveals that the ALJ applied the criteria of the regulations in determining that Burkhalter's job cleaning doctors' offices constitutes substantial gainful activity. The ALJ found that she earned more than $300.00 per month from that job, therefore her earnings created a presumption that she was engaged in substantial gainful activity. 20 C.F.R. § 404.1574(b)(2). Consideration of the other criteria failed to rebut the presumption. There was no evidence that her back problems frequently interrupted her cleaning activities, or that she performed the job with special conditions. The amount of time she worked, five hours a day, five days a week, is substantial. We conclude there was substantial evidence to support the finding of the Secretary that claimant's work cleaning offices involved the performance of significant duties, productive in nature, for pay, and constituted substantial gainful activity.

We conclude that as there was substantial evidence to support the Secretary's determination that Burkhalter was engaged in substantial gainful activity at the time her claim was considered, the Secretary correctly concluded that she was not disabled.

We therefore affirm the denial of disability benefits.

---

**5.** In *Cornett v. Califano,* 590 F.2d 91 (4th Cir. 1978), the Fourth Circuit held that the ability to work *a few hours a day* at home transcribing from a dictaphone did not demonstrate the ability to engage in substantial gainful activity. And in *Kornock v. Harris,* 648 F.2d 525 (9th Cir.1980), the Ninth Circuit found that a claimant who suffered from severe bronchial asthma and allergies and who could not work without frequent interruptions, was not capable of engaging in substantial gainful activity. We do not read *Cornett* and *Kornock* as being in accord with *Johnson.* In contrast to *Johnson,* these two cases do *not* hold that anything short of a full-time job cannot constitute substantial gainful activity.