**Angel L. LEBRON, Plaintiff,**

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 83-0457 GG.**

United States District Court,
D. Puerto Rico.

Feb. 27, 1984.

---

Fabio A. Roman Garcia, Arecibo, P.R., for plaintiff.

Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This action is brought pursuant to Section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. 405(g), to review a final decision of the Secretary of Health and Human Services (the Secretary), terminating plaintiff's disability benefits. In this action we decide whether part-time work capability may constitute substantial gainful activity, and whether the Secretary can apply the set of Medical-Vocational Guidelines, 20 C.F.R. 404, Subpart P, Appendix 2 (1983) (the Grid) to cases involving less than full-time employment.

Plaintiff is a 41 year old male, has completed seven years of schooling, and has past relevant work experience as a heavy equipment operator. (Tr. 13, 28–30) He ceased working on March 30, 1973 when his left leg was seriously injured by a machine while he was working. (Tr. 30) He was found disabled since March 30, 1973 due to a fracture on his left leg. Nonetheless, he was notified on June 29, 1981 that his disability ended in May 1981 and that his period of disability and entitlement to dis-

ability insurance benefits terminated with the end of July 1981. (Tr. 10) The decision terminating his disability benefits was affirmed at all stages of the administrative proceedings. The Administrative Law Judge (ALJ) did find that the period of disability and disability benefits terminated at a later date than had been previously determined. (Tr. 9, 16–17) The ALJ's decision became the final decision of the Secretary when the Appeals Council approved it on January 7, 1983. (Tr. 3–4) Accordingly, plaintiff appeals to this Court.

■ On appeal, the scope of our review in termination of benefits cases is limited to determining whether there is substantial evidence to support the findings of the Secretary. *Miranda v. Secretary of Health, Education and Welfare*, 514 F.2d 996, 998 (1st Cir.1975).[1] Ordinarily, this will consist of current evidence indicating that disability has ceased, in other words, a showing that plaintiff's condition has improved such that plaintiff can presently engage in substantial gainful activity; it can also consist of evidence that plaintiff's condition is not as severe as first supposed. The former situation is now before us.

The Social Security Administration has promulgated regulations that provide for the sequential application of tests in evaluating a claim under the Act. 20 C.F.R. Section 404.1520 (1983). In *Goodermote v. Secretary of Health and Human Services*, 690 F.2d 5, 6–7 (1st Cir.1982), the court set forth the following framework:

First, is the claimant engaging in substantial gainful activity? If so, he will be found not disabled.

Second, if the claimant is not engaging in substantial gainful activity, does he have a severe impairment? If not, he will be found not disabled.

Third, if the claimant does have a severe impairment, does he have an impairment equivalent to an impairment listed in the regulations' Appendix 1? If so, he is automatically found disabled.

Fourth, if the claimant's severe impairment is not equivalent to an impairment listed in Appendix 1, does his impairment prevent him from performing past relevant work? If not, no disability will be found.

Fifth, if the claimant's impairment prevents him from performing past relevant work, does his impairment prevent him from performing other work of the sort found in the economy? If so, the claimant will be found disabled; if not, he will be found not disabled.

■ The claimant has the burden of proving that his severe impairment, while not equivalent to an impairment listed in Appendix 1, is an impairment that prevents him from performing past relevant work (step 4); however, the Secretary has the burden of demonstrating that the impairment does not prevent claimant from performing other work of the sort found in the economy (step 5). *Id.* at 7.

■ The Grid facilitates the application of step 5. When all factors (that is, residual functional capacity, age, education and previous work experience) coincide with the criteria of a rule under the Grid, claimant's capacity to perform other jobs in the economy is automatically established. Appendix 2, Section 200.00(b); *Geoffroy v. Secretary of Health and Human Services*, 663 F.2d 315, 318 (1st Cir.1981).

In the case at bar, the Secretary followed the sequential evaluation outlined above. The ALJ found that plaintiff has not returned to work since his March 30, 1973 accident (Tr. 13) (step 1), and that plaintiff has a severe impairment (Tr. 14) (step 2). The ALJ further found that while plaintiff's impairment does not meet or equal in severity the requirements of Appendix 1 (Tr. 14) (step 3), plaintiff is precluded from engaging in his past work as a heavy machine operator (Tr. 15) (step 4). Nonetheless, within the framework of the Grid,

**1.** Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938).

given plaintiff's residual functional capacity for sedentary work, his age, education, and skilled work experience, the ALJ concluded that plaintiff was not disabled (Tr. 15) (step 5).

After a careful evaluation of all pertinent data in the record, we conclude that the application of the Grid was erroneous and consequently, the Secretary's conclusion that plaintiff can perform substantial gainful activity is not supported by substantial evidence. The age, education and previous work experience factors used by the ALJ in applying the Grid are not disputed, but plaintiff's ability to perform any work existing in the economy, including "sedentary work" is in controversy.[2]

Dr. Armando Barreto rendered plaintiff medical treatment for the period beginning March 30, 1981 and ending May 11, 1981. In a medical report dated May 11, 1981 (Tr. 127), Dr. Barreto stated that plaintiff suffers from atrophy of muscle of the left leg and nerve injury to the left leg, that plaintiff cannot walk without a cane, and that he will never return to full weight-bearing status. Dr. Barreto's prognosis was that plaintiff is disabled.

Dr. Raul Roura, consultive orthopedic surgeon, examined plaintiff on May 15, 1981. In a medical report dated May 20, 1981 (Tr. 129–130), Dr. Roura stated that plaintiff has a healed fracture of the left tibia with some residuals left on his leg, that the left leg is one inch shorter than the right, that there is some residual limitation of motion of his left knee, that the range of motion of the left ankle is "painful and slightly", that plaintiff's ability to walk on tips of toes and walk on heels is weak with left leg, and that there was an ulcer in the left heel. The rest of the physical examination revealed no other functional problems. In his assessment of plaintiff's residual functional capacity, Dr.

Roura stated that in a 8-hour workday plaintiff could stand/walk 1 hour and sit 4 hours as well as lift 10 pounds maximum. (Tr. 132)

Additionally, plaintiff was treated at the Puerto Rico State Insurance Fund, Humacao Dispensary, beginning July 28, 1981 due to a chronic ulcer of the left ankle. (Tr. 142) In an August 31, 1981 medical report, Dr. Barreto, treating physician, stated that plaintiff had received maximum therapeutic benefits. (Tr. 140) In a September 3, 1981 medical report, the left ankle condition was reported to be stable and without great complications. (Tr. 138).

It is well settled that the resolution of conflicts in the medical evidence, as in the case herein, is for the Secretary and not for the doctors or for the courts. *Rodriguez v. Secretary of Health and Human Services,* 647 F.2d 218, 222 (1st Cir.1981). Thus, while the Secretary's finding of sedentary work capability might be supported by substantial evidence, she did not consider that the evidence supports a finding that plaintiff can engage in part-time work only.

The issue of whether part-time work capability constitutes substantial gainful activity is unsettled. Various circuit courts of appeals are in disagreement on this matter. In *Johnson v. Harris,* 612 F.2d 993, 998 (5th Cir.1980), the court suggests that anything short of full-time job capability cannot constitute the ability to engage in substantial gainful activity. There a medical report indicated that plaintiff's condition limited his productive activity to four hours a day. The Eighth Circuit in *Burkhalter v. Schweiker,* 711 F.2d 841 (8th Cir. 1983), rejects the *Johnson* rationale and holds that less than a full-time job may constitute substantial gainful activity. There the court concluded that plaintiff's job cleaning doctors' offices five hours a

---

**2.** Sedentary work is defined in 20 C.F.R. Section 404.1567(a) (1983) as follows:

(a) *Sedentary work.* Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

day, five days a week, for pay, involved the performance of significant duties, productive in nature, and constituted substantial gainful activity. The First Circuit has indicated *in dictum* an inclination to follow the position of the Eighth Circuit. In *Arocho v. Secretary of Health and Human Services*, 670 F.2d 374, 376 (1st Cir.1982), the court stated that work may be substantial even if it is done on a part-time basis.

The Secretary's regulations define substantial gainful activity as "... work that —(a) Involves doing significant and productive physical or mental duties; and (b) Is done (or intended) for pay or profit." 20 C.F.R. Section 404.1510. In further defining substantial gainful activity, Section 404.1572 provides that "work may be substantial even if it is done on a part-time basis". The latter section defines substantial gainful activity in the context of step 1 in the regulations' sequential analysis of a disability claim, described above. While the case before us is at step 5 in the regulations' sequential analysis, we perceive no reason why the definition of substantial gainful activity should not be the same as the definition applied at step 1.

■ Thus, the dictum of the Court of Appeals for the First Circuit in *Arocho*, buttressed by the Eighth Circuit's opinion in *Burkhalter*, persuades us that less than full-time employment capability may constitute substantial gainful activity within the definition of 20 C.F.R. Section 404.1510. Nevertheless, we find that it was inappropriate for the ALJ to apply the Grid where plaintiff's capability for sedentary work is only on a part-time basis. *See, Cavitt v. Schweiker*, 704 F.2d 1193, 1195 (10th Cir. 1983) ("If a claimant cannot perform work falling within this definition [sedentary work] for more than a brief period, then it is improper to apply the rules set forth in Appendix 2 [the Grid].").

In *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983), the Supreme Court held that the Secretary reasonably could choose to rely on the Grid in appropriate cases, rather than on the testimony of a vocational expert in each case.

The Court recognized that the Grid will be applied only when one of its rules describes a claimant's abilities and limitations accurately. The Secretary's regulations themselves provide that "... the existence of such jobs [at step 5] for individuals whose remaining functional capacity or other factors do not coincide with the criteria of a rule must be further considered in terms of what kinds of jobs or types of work may be either additionally indicated or precluded." Appendix 2, Section 200.00(b).

In *Gagnon v. Secretary of Health and Human Services*, 666 F.2d 662 (1st Cir. 1981), the court remanded where the ALJ failed to consider plaintiff's exertional and nonexertional limitations. The court reasoned that where plaintiff's non-exertional limitations may significantly affect his access to the full range of jobs assumed to require "light work", then the ALJ must give "full consideration" to "all the relevant facts", rather than apply the Grid, Appendix 2, Section 200.00(e)(2), including the taking of expert vocational testimony, if necessary, before concluding that the plaintiff is disabled or not disabled.

Since the ALJ's decision in the case before us similarly failed to consider plaintiff's limited sedentary work capability in that he can perform on a part-time basis only, we must remand. It is inappropriate for the ALJ to apply the Grid where the plaintiff's residual functional capacity indicates that in an 8-hour day he can only stand/walk 1 hour and sit 4 hours. This time limitation may significantly limit plaintiff's access to the full range of jobs assumed to require "sedentary work".

On remand, the Secretary should determine, after such proceedings as may be necessary, whether plaintiff's limited workday abilities are significant enough to limit his access to the full range of jobs assumed to require "sedentary work" capabilities. *Gagnon, supra.* If plaintiff's limited workday abilities do significantly limit his access to the full range of "sedentary work" jobs, then the Secretary must give "full consideration" to "all the relevant facts", including the taking of expert testi-

mony, if necessary, rather than apply the Grid, in determining whether the plaintiff is disabled. *Gagnon, supra.* "Where the Tables of the Medical-Vocational Guidelines [the Grid] do not apply in a given case, it is likely that the testimony of a vocational expert will typically be required, as it was before these regulations took effect." *Gagnon, supra,* n. 9.

In view of the above, this case is hereby remanded to the Secretary for further proceedings consistent with this opinion, including the taking of additional evidence to make the required findings.

The Clerk shall enter judgment accordingly.

SO ORDERED.