ing they were enhanced without compliance with the provisions of 21 U.S.C. § 851. This section establishes a procedure the government must follow when seeking an enhanced sentence for a defendant based upon that defendant's prior convictions. *See* 21 U.S.C. § 851(a)(1) (1982). The government concedes this sentencing issue, admitting that it failed to comply with section 851. Government's Brief at 144–45.[26] We therefore vacate the sentences on those counts, and remand those counts for resentencing in compliance with section 851.

## X.

We have considered all the other issues raised by the defendants and find them to be without merit and not warranting discussion.[27] The judgment of the District Court is affirmed in all respects, except as to Abdul Shakur's sentences on counts II, III, IV, and XIII. Those sentences are vacated and remanded for resentencing in compliance with 21 U.S.C. § 851.

Robert Frager, Kansas City, Mo., for petitioner.

Karen Fletcher, Washington, D.C., for respondent.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Henry D. Steiben, the proprietor and chief executive officer of Wranglers Country Cafe, Inc. (Wranglers), a Missouri corporation, petitions for judicial review of a final order of sanctions imposed upon him by the Immigration and Naturalization Service (INS).[1] The INS assessed fines totaling $5,250 against Steiben and Wranglers,

Henry D. STEIBEN, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 90–2267.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1991.

Decided May 6, 1991.

---

**1. (8) Judicial Review**
    A person or entity adversely affected by a final order respecting an assessment may, within 45 days after the date the final order is issued, file a petition in the Court of Appeals for the appropriate circuit for review of the order.
8 U.S.C. § 1324a(e) (1988).

jointly, for hiring three aliens knowing they were not authorized for employment in the United States and for various paperwork violations under the Immigration Reform and Control Act of 1986 (IRCA), Pub.L. No. 99–603, § 101, 100 Stat. 3359, 3360–74 (codified as amended at 8 U.S.C. § 1324a (1988)). Steiben, individually, asserts that the applicable regulation, which defines "employer" to mean "a person or entity, including an agent or anyone acting directly or indirectly in the interest thereof, who engages the services or labor of an employee to be performed in the United States for wages or other renumeration," Control of Employment of Aliens, 8 C.F.R. § 274a.1(g) (1990), should be invalidated because it expands the class of persons who may be held liable beyond the statutory language of IRCA. We conclude that the regulation represents a valid exercise of INS's rulemaking authority and therefore affirm.

## I. BACKGROUND

Steiben incorporated Wranglers Country Cafe, Inc. under Missouri law on January 27, 1989. Steiben filed no further or additional reports with the Missouri Secretary of State and Wranglers never issued any stock certificates or established or maintained a corporate minute book, or appointed corporate officers or directors. Wranglers commenced business in Kansas City, Missouri, after January 29, 1989, and ceased business operations on or about June 5, 1989. It has no plans for engagement in any future business operations and has not filed articles of dissolution or liquidation with the Secretary of State.

During the time Wranglers existed, Steiben, acting as proprietor and chief executive officer, exercised exclusive control over the operation of the business, including the hiring and firing of the employees. Steiben personally hired the three unautho-

rized aliens named in the complaint brought by the INS.

On June 28, 1989, the INS served a notice of intent to fine, pursuant to 8 U.S.C. § 1324a(e)(3)(A),[2] upon Wranglers and Steiben. The INS charged Wranglers and Steiben with violations of the employer sanction provisions of IRCA. Specifically, the notice charged Wranglers and Steiben with violating 8 U.S.C. § 1324a(a)(1)(A)[3] by hiring three individuals, knowing that they were not authorized for employment in the United States, and with failing to complete employment eligibility verification forms for these individuals and twelve other people contrary to 8 U.S.C. § 1324a(a)(1)(B).[4]

After receiving the notice of intent to fine, Wranglers and Steiben requested a hearing before an administrative law judge (ALJ). Individually, Steiben filed a motion to dismiss, arguing that under IRCA only the corporation could be found liable for violations of 8 U.S.C. § 1324a(a)(1). Steiben claimed that the regulation, 8 C.F.R. § 274a.1(g), which defines employer to include persons who act directly or indirectly as an agent of the employer in hiring, exceeds the intended scope of IRCA and therefore is invalid. He did not contest that the violations had occurred as alleged in the notice of intent to fine.

The ALJ denied Steiben's motion and imposed sanctions on Steiben personally. The ALJ found that INS issued the challenged regulation under a grant of rulemaking authority and that it did not extend the employer sanction provisions beyond the intent of Congress. Steiben seeks review of the ALJ's decision by this court, reasserting the argument that the applicable regulation exceeds INS's rulemaking authority and therefore will not support the imposition of personal liability against him.

---

**2.** Before imposing an order described in paragraph (4), (5), or (6) against a person or entity under this subsection for a violation of subsection (a) or (g)(1) of this section, the Attorney General shall provide the person or entity with notice and, upon request made within a reasonable time (of not less than 30 days, as established by the Attorney General) of the date of the notice, a hearing respecting the violation.
8 U.S.C. § 1324a(e)(3)(A).

**3.** *See infra* p. 1227 for text of statute.

**4.** *See infra* p. 1227 for text of statute.

## II. DISCUSSION

Steiben argues that in promulgating and applying the regulation imposing personal liability, the INS has exceeded its authority by extending the reach of section 1324a(a)(1) to persons or entities Congress did not intend to make liable. According to Steiben, section 1324a(a)(1) clearly and unambiguously limits liability for violations of the employer sanction provisions to the employer. We disagree.

In an effort to deter illegal immigration, Congress designed section 101 of IRCA (codified at 8 U.S.C. § 1324a) to control the unlawful employment of aliens in the United States by subjecting persons or entities who hire unauthorized aliens to civil and criminal penalties. H.R.Rep. No. 682, 99th Cong., 2d Sess., pt. 1, at 45 (1986), *reprinted in* 1986 U.S.Code Cong. & Admin. News 5649, 5649–50 ("The bill establishes penalties for employers who knowingly hire undocumented aliens, thereby ending the magnet that lures them to this country.").[5] The specific subsection at issue reads as follows:

It is unlawful for a person or other entity to hire, or to recruit or refer for a fee, for employment in the United States—

(A) an alien knowing the alien is an unauthorized alien (as defined in subsection (h)(3) of this section) with respect to such employment, or

(B) an individual without complying with the requirements of subsection (b) of this section.

8 U.S.C. § 1324a(a)(1) (current version at 8 U.S.C.A. § 1324(a)(1) (West Supp.1991). Violation of this provision subjects the person or entity to potential fines, injunctions and imprisonment. *See* 8 U.S.C. § 1324a(e)(4), (e)(5), (f).

Congress expressly granted the Attorney General power to issue regulations to implement the new employer sanctions law. 8 U.S.C. § 1324a (note);[6] *see also* Immigration and Nationality Act (INA), 8 U.S.C. § 1103(a) (1988) (granting Attorney General power to implement INA). In turn, the Attorney General empowered the Commissioner of the INS with authority to enforce IRCA and issue regulations deemed necessary or appropriate to the enforcement of IRCA. Authority of Commissioner, 8 C.F.R. § 2.1 (1990); *see also* 8 U.S.C. § 1103(b) (indicating Commissioner shall be charged with such duties as delegated by Attorney General).

Under that authority, the Commissioner promulgated the regulation here in question which defines the term "employer" for purposes of IRCA.[7] The regulation states:

The term "employer" means a person or entity, including an agent or anyone acting directly or indirectly in the interest thereof, who engages the services or labor of an employee to be performed in the United States for wages or other remuneration. In the case of an independent contractor or contract labor or services, the term "employer" shall mean the independent contractor or contractor and not the person or entity using the contract labor.

8 C.F.R. § 274a.1(g).

Where, as here, Congress has expressly delegated authority for implementing a statute by regulation, we limit our review to determining whether the regulation promulgated exceeds the statutory grant of authority. *Heckler v. Campbell*, 461

---

5. Prior to IRCA, the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1101–1557 (passim) (1982 & Supp. III 1985) (current version at 8 U.S.C.A. §§ 1101–1557 (passim) (West 1970 & Supp.1991), prohibited the "harboring" of unauthorized aliens but specifically exempted the employment of an unauthorized alien from the definition of harboring. *Id.* at § 1324.

6. Section 101(a)(2) of IRCA, Pub.L. No. 99–603, § 101(a)(2), 100 Stat. 3359, 3372 (1986), provided that: "The Attorney General shall, not later than the first day of the seventh month beginning after the date of the enactment of this Act [November 6, 1986], first issue, on an interim or other basis, such regulations as may be necessary in order to implement this section."

7. While the term "employer" does not appear in the statutory language, the parties do not dispute that the purpose of the regulation was to define those persons who could be held responsible for statutory violations.

U.S. 458, 466, 103 S.Ct. 1952, 1956, 76 L.Ed.2d 66 (1983); *Burkhalter v. Schweiker*, 711 F.2d 841, 844 (8th Cir.1983).[8] A court is not free to simply adopt its own construction of a statute when the agency empowered to administer the statute has already issued an administrative interpretation. *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 843, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). "Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* (footnote omitted).

We conclude that the regulation at issue does not exceed INS's authority. Foremost, we reject Steiben's argument that the statute unambiguously imposes liability only upon the employer. To the contrary, the statute imposes liability upon the "person or other entity" who knowingly hires an unauthorized alien or who hires an individual without complying with the verification requirements. 8 U.S.C. § 1324a(a)(1). The statute clearly indicates that "a person" can be held responsible for violations of IRCA. *Id.* Liability turns upon the act of hiring—which may be performed by the employer or an agent of the employer—and not simply upon the fact of being an employer of an unauthorized alien. Thus, rather than contradict the statute, we believe the regulation tracks the plain meaning of the statute.

Moreover, the regulation furthers Congress' intent in enacting the employer sanction provisions:

> This legislation seeks to close the back door on illegal immigration so that the front door on legal immigration may remain open. The principal means of closing the back door, or curtailing future illegal immigration, is through employer sanctions. The bill would prohibit the employment of aliens who are unauthorized to work in the United States because they either entered the country illegally, or are in an immigration status which does not permit employment. U.S. employers who violate this prohibition would be subject to civil and criminal penalties.
>
> Employment is the magnet that attracts aliens here illegally or, in the case of nonimmigrants, leads them to accept employment in violation of their status. Employers will be deterred by the penalties in this legislation from hiring unauthorized aliens and this, in turn, will deter aliens from entering illegally or violating their status in search of employment.

H.R.Rep. No. 682 at 46, 1986 U.S. Code Cong. & Admin. News 5650. Clearly, requiring both the employer and the employer's agent to abide by IRCA will diminish the number of job opportunities for unauthorized aliens and thereby reduce the incentive to aliens to illegally enter or work in the United States.

## III.   CONCLUSION

Accordingly, we uphold the validity of the applicable regulation and affirm the imposition of sanctions upon Henry D. Steiben.

---

**8.** Steiben has asserted that the regulation is arbitrary and capricious because it allows the INS to take action against low-level employees. Suffice it to say, the case before us does not present such a situation. The undisputed facts establish that Steiben exercised complete control over the operation of Wranglers. We also note that the INS has informed us that even if it had the authority, it would not seek to impose sanctions upon low-level employees. Thus, we save that issue for another day.